UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL L. CARLE,<br><br>                    Plaintiff,<br><br>        v.<br><br>CAROLYN W COLVIN, Commissioner of the Social Security Administration,[1]<br><br>                    Defendant. | CASE NO. 12-cv-05603 JRC<br><br>ORDER ON PLAINTIFF'S COMPLAINT |

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, ECF No. 5; Consent to Proceed Before a United States Magistrate Judge, ECF No. 6). This matter has been fully briefed (*see* ECF Nos. 14, 16, 17).

---

[1] Carolyn W. Colvin became the Acting Commissioner of the Social Security Administration on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin is substituted for Michael J. Astrue as the defendant in this suit.

After considering and reviewing the record, the Court finds that the ALJ improperly failed to credit fully opinions from examining physician, Dr. Suffis. Although the ALJ relied on a finding that Dr. Suffis' opinion was inconsistent with his own findings on examination, this finding is not supported by substantial evidence in the record. Therefore, this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Administration for further consideration.

## BACKGROUND

Plaintiff, MICHAEL L. CARLE, was born in September, 1957 and was fifty-one years old on his amended alleged date of disability onset of April 15, 2009 (*see* Tr. 42, 170). He has an eleventh grade education (Tr. 46). He has past relevant work experience as a construction worker, disc jockey, dog bather and instrumental musician (Tr. 24, 46-48, 71-72).

Plaintiff has at least the severe impairments of right shoulder acrimioclavicular joint arthritis; degenerative disc disease of the thoracic spine; and degenerative disc disease of the cervical spine (20 CFR 404.1520(c) and 416.920(c)) (*see* Tr. 18).

At the time of the hearing, plaintiff was living with his wife and helping her with her dog and cat grooming business a couple of times a week (Tr. 48).

## PROCEDURAL HISTORY

Plaintiff filed a Title XVI application for Supplemental Security Income ("SSI") on April 15, 2009 (Tr. 42, 170-73). His application was denied initially and following reconsideration (Tr. 84-90, 94-98). Plaintiff's requested hearing was held before Administrative Law Judge Mattie Harvin-Woode ("the ALJ") on September 28, 2010

(Tr. 40-79). On February 7, 2011, the ALJ issued a written decision in which she concluded that plaintiff was not disabled pursuant to the Social Security Act (Tr. 16-26).

On May 18, 2012, the Appeals Council denied plaintiff's request for review, making the written decision by the ALJ the final agency decision subject to judicial review (Tr. 1-3). *See* 20 C.F.R. § 404.981. Plaintiff filed a complaint in this Court seeking judicial review of the ALJ's written decision in July, 2012 (*see* ECF Nos. 1, 3). Defendant filed the sealed administrative record regarding this matter ("Tr.") on October 22, 2012 (*see* ECF Nos. 10, 12). In his Opening Brief, plaintiff raises the following issues: (1) whether or not the ALJ afforded proper weight to the medical opinions; (2) whether or not the ALJ gave legally sufficient reasons for finding plaintiff not fully credible; (3) whether or not the ALJ erred by failing to address the lay witness statement; and (4) whether or not the errors in the ALJ's decision were harmful and warrant remand for further proceedings or payment of benefits (*see* ECF No. 14, pp. 1-2).

## STANDARD OF REVIEW

Plaintiff bears the burden of proving disability within the meaning of the Social Security Act (hereinafter "the Act"); although the burden shifts to the Commissioner on the fifth and final step of the sequential disability evaluation process. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999); *see also Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir. 1995); *Bowen v. Yuckert*, 482 U.S. 137, 140, 146 n. 5 (1987). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment "which can be expected to result in death or which has lasted, or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C.

§§ 423(d)(1)(A), 1382c(a)(3)(A).  Plaintiff is disabled under the Act only if plaintiff's impairments are of such severity that plaintiff is unable to do previous work, and cannot, considering plaintiff's age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); *see also  Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such "'relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) (*quoting Davis v. Heckler*, 868 F.2d 323, 325-26 (9th Cir. 1989)); *see also Richardson v. Perales*, 402 U.S. 389, 401 (1971). Regarding the question of whether or not substantial evidence supports the findings by the ALJ, the Court should "'review the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion.'" *Sandgathe v. Chater*, 108 F.3d 978, 980 (1996) (per curiam) (*quoting Andrews, supra*, 53 F.3d at 1039). In addition, the Court must determine independently whether or not "'the Commissioner's decision is (1) free of legal error and (2) is supported by substantial evidence.'" *See Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2006) (*citing Moore v. Comm'r of the Soc. Sec. Admin.,* 278 F.3d 920, 924 (9th Cir. 2002)); *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).

According to the Ninth Circuit, "[l]ong-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ - - not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1226-27 (9th Cir. 2009) (*citing SEC v. Chenery Corp*., 332 U.S. 194, 196 (1947) (other citation omitted)); *see also Molina v. Astrue*, 674 F.3d 1104, 1121, 2012 U.S. App. LEXIS 6570 at *42 (9th Cir. 2012); *Stout v. Commissioner of Soc. Sec.*, 454 F.3d 1050, 1054 (9th Cir. 2006) ("we cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision") (citations omitted). For example, "the ALJ, not the district court, is required to provide specific reasons for rejecting lay testimony." *Stout, supra*, 454 F.3d at 1054 (*citing Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993)). In the context of social security appeals, legal errors committed by the ALJ may be considered harmless where the error is irrelevant to the ultimate disability conclusion when considering the record as a whole. *Molina, supra*, 674 F.3d 1104, 2012 U.S. App. LEXIS 6570 at *24-*26, *32-*36, *45-*46; *see also* 28 U.S.C. § 2111; *Shinsheki v. Sanders*, 556 U.S. 396, 407 (2009); *Stout, supra*, 454 F.3d at 1054-55.

## DISCUSSION

**(1) Whether or not the ALJ afforded proper weight to the medical opinions.**

Here, the ALJ failed to credit fully opinions from examining doctor, Dr. Marc Suffis, M.D., on the basis that the ALJ found that Dr. Suffis' opinion was inconsistent with Dr. Suffis' own findings on examination (*see* Tr. 24). The main opinion subject to

dispute is Dr. Suffis' opinion that plaintiff was limited to standing and walking for up to two hours in an eight-hour work day. Defendant contends that the opinion was rejected properly.

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician or psychologist. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (*citing Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)). Even if a treating or examining physician's opinion is contradicted, that opinion can be rejected only "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester, supra*, 81 F.3d at 830-31 (*citing Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (*citing Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)). However, the ALJ must explain why his own interpretations, rather than those of the doctors, are correct. *Reddick, supra*, 157 F.3d at 725 (*citing Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)).

Here, Dr. Suffis examined plaintiff on October 21, 2010 (see Tr. 404-15). He evaluated many medical records of plaintiff, such as degenerative changes noted on MRI results; doctors' notes; and physical therapy notes (*see* Tr. 404-05). He took a detailed history (*see id.*). Dr. Suffis also noted that plaintiff walked a couple of miles a day for exercise (*see* Tr. 405).

1    Dr. Suffis appears to have conducted a thorough examination of plaintiff (*see* Tr.
2    407-08). He noted that plaintiff's gross motor strength was normal, and that his heel and
3    toe walk was normal (*see* Tr. 408). However, Dr. Suffis recorded abnormal range of
4    motion data for the C-spine (*see id.*). He opined that plaintiff was capable of light work
5    (*see* Tr. 409).  Dr. Suffis also opined that plaintiff had specific functional limitations
6    regarding his ability to function in an eight-hour workday (*see* Tr. 411). He specifically
7    concluded that plaintiff could stand and walk for up to two hours total (each) in an eight-
8    hour workday (*see id.*).
9
10   In rejecting Dr. Suffis' opinion that plaintiff was limited to standing and walking
11   for up to two hours in an eight-hour work day (*see* Tr. 24), the ALJ noted that plaintiff's
12   motor strength was normal; however, normal motor strength is not necessarily
13   inconsistent with an ability to stand and/or walk for only up to two hours in a work
14   environment including an eight-hour work day. The ALJ also noted that Dr. Suffis
15   observed on examination that plaintiff demonstrated a normal tandem walk and heel/toe
16   walk, however, similarly, the ability to walk normally for a moment in a doctor's office
17   with respect to tandem and heel/toe walk does not demonstrate that plaintiff can stand
18   and/or walk for more than two hours in an eight-hour work day. For the reasons stated,
19   the Court concludes that the ALJ's finding that Dr. Suffis' own findings were
20   inconsistent with his medical opinion that plaintiff was limited to standing and/or walking
21
22   for up to two hours in an eight-hour work day is not supported by substantial evidence in
23   the record as a whole. *See Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989)
24   ("Substantial evidence" is more than a scintilla, less than a preponderance, and is such

"'relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'") (*quoting Davis v. Heckler*, 868 F.2d 323, 325-26 (9th Cir. 1989)); *see also Richardson v. Perales*, 402 U.S. 389, 401 (1971).

The ALJ also supported her failure to credit fully this opinion from Dr. Suffis on the basis that plaintiff told Dr. Suffis that he walked a couple of miles a day for exercise. Unless plaintiff took longer than two hours to walk a couple of miles, this reason also does not demonstrate that plaintiff could stand and/or walk more than two hours a day in the context of an eight-hour workday. This fact is not sufficient to justify rejecting the doctor's opinion, especially as Dr. Suffis was aware of plaintiff's walking activities.

The Court notes that Dr. Suffis was aware of plaintiff's normal strength; tandem and heel/toe walk results; and plaintiff's walking activities, and nevertheless provided his medical opinion regarding plaintiff's walking and standing limitations. An ALJ must explain why her own interpretations, rather than those of the doctor, are correct. *See Reddick, supra*, 157 F.3d at 725 (*citing Embrey*, *supra*, 849 F.2d at 421-22).

The Court also notes that the ALJ relied in part on the opinion from examining physician, Dr. Lynn L. Stacker, M.D. regarding plaintiff's capacity for light work (*see* Tr. 23). Although Dr. Stacker opined that plaintiff was capable of light work, she also assessed functional limitations on plaintiff's ability to perform basic work-related activities, with the listed activities including standing and walking (*see* Tr. 278, 393). Dr. Stacker opined that this limitation was moderate, that is, a significant interference with the ability to perform one or more of the basic work-related activities specified (*see id.*).

The Court concludes that the ALJ failed to explain why her interpretation of the record was more correct than the medical doctor who examined and evaluated plaintiff and that the ALJ failed to provide legitimate and specific reasons supported by substantial evidence in the record as a whole for her failure to credit fully opinions from Dr. Suffis. *See Lester, supra*, 81 F.3d at 830-31 (*citing Andrews*, *supra*, 53 F.3d at 1043).

The Court also concludes that this error is not harmless.

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). The Court noted multiple instances of the application of these principles. *Id*. (collecting cases). The court noted that "several of our cases have held that an ALJ's error was harmless where the ALJ provided one or more invalid reasons for disbelieving a claimant's testimony, but also provided valid reasons that were supported by the record." *Id.* (citations omitted). The Ninth Circuit noted that "in each case we look at the record as a whole to determine [if] the error alters the outcome of the case." *Id.* The court also noted that the Ninth Circuit has "adhered to the general principle that an ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination.'" *Id.* (*quoting Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)) (other citations omitted). The court noted the necessity to follow the rule that courts should review cases "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Id.* (*quoting Shinsheki v. Sanders*, 556 U.S. 396, 407 (2009) (*quoting* 28 U.S.C. § 2111) (codification of the harmless error rule)).

Here, the ALJ found that plaintiff had the residual functional capacity to perform light work, but did not include limitations on his ability to stand and walk in an eight-hour workday (*see* Tr. 21). The ALJ likewise did not include the relevant standing and walking limitations in her hypothetical to the vocational expert (*see* Tr. 73). However, the ALJ relied on the vocational expert's testimony based on this incomplete hypothetical when making her step five determination that plaintiff was capable of performing other work existing in significant numbers in the national economy (*see* Tr. 25-26). This step five finding was the basis for the ultimate determination regarding nondisability in this matter; therefore, the ALJ's error was not harmless.

The Court also notes that the ALJ failed to explain why the limitations opined by Drs. Staker and Mercado were not accommodated into plaintiff's residual functional capacity. This is legal error, which should be corrected following remand of this matter.

**(2)     Plaintiff's credibility and testimony should be assessed anew following remand of this matter**.

A determination regarding a plaintiff's credibility depends in part on the medical evidence. *See* 20 C.F.R. § 404.1529(c). As the Court has concluded that the ALJ failed to evaluate properly the medical evidence, *see supra*, section 1, plaintiff's credibility must be evaluated anew following remand of this matter.

**(3)     The lay evidence should be evaluated anew following remand of this matter**.

Although claiming harmless error, defendant admits that the ALJ committed legal error by failing to mention the lay evidence and by failing to provide germane reasons for

ORDER ON PLAINTIFF'S COMPLAINT - 10

her failure to credit it fully (*see* Response, ECF No. 16, p. 10). *See also Stout v. Commissioner*, *Social Security Administration*, 454 F.3d 1050, 1053 (9th Cir. 2006) (*citing Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993)).  The lay evidence provided by Ms. Zetti should be evaluated explicitly by the ALJ following remand of this matter.

### (4) Whether this matter should be reversed and remanded for further administrative proceedings or for an award of benefits.

Generally, when the Social Security Administration does not determine a claimant's application properly, "'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit has put forth a "test for determining when [improperly rejected] evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). It is appropriate when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Harman, supra,* 211 F.3d at 1178 (*quoting Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir.1996)).

Here, outstanding issues must be resolved. *See Smolen, supra*, 80 F.3d at 1292. Although the ALJ erred when reviewing the medical evidence, the Court notes that all of the doctors whose opinions were rejected improperly opined that plaintiff was capable of

light work. Furthermore, the decision whether to remand a case for further administrative proceedings or simply to award benefits is within the discretion of the court. *See Swenson v. Sullivan*, 876 F.2d 683, 689 (9th Cir. 1989) (*citing Varney v. Secretary of HHS*, 859 F.2d 1396, 1399 (9th Cir. 1988)).  For these reasons, and based on the Court's review of the relevant record, the Court concludes that a direction to award benefits is not appropriate at this time.

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998); *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995).   If the medical evidence in the record is not conclusive, sole responsibility for resolving conflicting testimony and questions of credibility lies with the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1999) (*quoting Waters v. Gardner*, 452 F.2d 855, 858 n.7 (9th Cir. 1971) (*citing Calhoun v. Bailar*, 626 F.2d 145, 150 (9th Cir. 1980))).

Therefore, remand is appropriate in order to allow the Commissioner the opportunity to consider properly all of the lay and medical evidence as a whole and to incorporate the properly considered lay and medical evidence into the consideration of plaintiff's credibility and residual functional capacity. *See Sample, supra*, 694 F.2d at 642.

CONCLUSION

Based on the stated reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for further consideration.

1     **JUDGMENT** should be for plaintiff and the case should be closed.

2     Dated this 13th day of June, 2013.

 

                                               /s/ J. Richard Creatura

                                               J. Richard Creatura
                                             United States Magistrate Judge