1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10 | MICHAEL L. CARLE,

11 |                    Plaintiff,               CASE NO. 12-cv-05603 JRC

12 |      v.                                     ORDER ON PLAINTIFF'S
                                                 COMPLAINT
13 | CAROLYN W COLVIN, Commissioner
14 | of the Social Security Administration,[1]

15 |                    Defendant.

16

17        This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and

18 Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S.

19 Magistrate Judge and Consent Form, ECF No. 5; Consent to Proceed Before a United

20 States Magistrate Judge, ECF No. 6). This matter has been fully briefed (*see* ECF Nos.

21 14, 16, 17).

22

23        [1] Carolyn W. Colvin became the Acting Commissioner of the Social Security
Administration on February 14, 2013.  Pursuant to Rule 25(d) of the Federal Rules of Civil
24 Procedure, Carolyn W. Colvin is substituted for Michael J. Astrue as the defendant in this suit.

ORDER ON PLAINTIFF'S COMPLAINT - 1

1    After considering and reviewing the record, the Court finds that the ALJ

2  improperly failed to credit fully opinions from examining physician, Dr. Suffis. Although

3  the ALJ relied on a finding that Dr. Suffis' opinion was inconsistent with his own

4  findings on examination, this finding is not supported by substantial evidence in the

5  record. Therefore, this matter is reversed and remanded pursuant to sentence four of 42

6  U.S.C. § 405(g) to the Administration for further consideration.

7
                                    BACKGROUND
8
      Plaintiff, MICHAEL L. CARLE, was born in September, 1957 and was fifty-one
9
10  years old on his amended alleged date of disability onset of April 15, 2009 (*see* Tr. 42,

11  170). He has an eleventh grade education (Tr. 46).  He has past relevant work experience

12  as a construction worker, disc jockey, dog bather and instrumental musician (Tr. 24, 46-

13  48, 71-72).

14    Plaintiff has at least the severe impairments of right shoulder acrimioclavicular

15  joint arthritis; degenerative disc disease of the thoracic spine; and degenerative disc

16  disease of the cervical spine (20 CFR 404.1520(c) and 416.920(c)) (*see* Tr. 18).

17    At the time of the hearing, plaintiff was living with his wife and helping her with

18  her dog and cat grooming business a couple of times a week (Tr. 48).

19
                              PROCEDURAL HISTORY
20
      Plaintiff filed a Title XVI application for Supplemental Security Income ("SSI")
21
22  on April 15, 2009 (Tr. 42, 170-73). His application was denied initially and following

23  reconsideration (Tr. 84-90, 94-98). Plaintiff's requested hearing was held before

24  Administrative Law Judge Mattie Harvin-Woode ("the ALJ") on September 28, 2010

1    (Tr. 40-79).  On February 7, 2011, the ALJ issued a written decision in which she

2    concluded that plaintiff was not disabled pursuant to the Social Security Act (Tr. 16-26).

3         On May 18, 2012, the Appeals Council denied plaintiff's request for review,

4    making the written decision by the ALJ the final agency decision subject to judicial

5    review (Tr. 1-3). *See* 20 C.F.R. § 404.981. Plaintiff filed a complaint in this Court

6    seeking judicial review of the ALJ's written decision in July, 2012 (*see* ECF Nos. 1, 3).

7    Defendant filed the sealed administrative record regarding this matter ("Tr.") on October

8    22, 2012 (*see* ECF Nos. 10, 12). In his Opening Brief, plaintiff raises the following

9    issues: (1) whether or not the ALJ afforded proper weight to the medical opinions; (2)

10   whether or not the ALJ gave legally sufficient reasons for finding plaintiff not fully

11   credible; (3) whether or not the ALJ erred by failing to address the lay witness statement;

12

13   and (4) whether or not the errors in the ALJ's decision were harmful and warrant remand

14   for further proceedings or payment of benefits (*see* ECF No. 14, pp. 1-2).

15                          STANDARD OF REVIEW

16        Plaintiff bears the burden of proving disability within the meaning of the Social

17   Security Act (hereinafter "the Act"); although the burden shifts to the Commissioner on

18   the fifth and final step of the sequential disability evaluation process. *Meanel v. Apfel*,

19   172 F.3d 1111, 1113 (9th Cir. 1999); *see also Johnson v. Shalala*, 60 F.3d 1428, 1432

20   (9th Cir. 1995); *Bowen v. Yuckert*, 482 U.S. 137, 140, 146 n. 5 (1987). The Act defines

21   disability as the "inability to engage in any substantial gainful activity" due to a physical

22

23   or mental impairment "which can be expected to result in death or which has lasted, or

24   can be expected to last for a continuous period of not less than twelve months." 42 U.S.C.

1   §§ 423(d)(1)(A), 1382c(a)(3)(A).  Plaintiff is disabled under the Act only if plaintiff's

2   impairments are of such severity that plaintiff is unable to do previous work, and cannot,

3   considering plaintiff's age, education, and work experience, engage in any other

4   substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A),

5   1382c(a)(3)(B); *see also  Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

6           Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's

7   denial of social security benefits if the ALJ's findings are based on legal error or not

8   supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d

9   1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir.

10  1999)). "Substantial evidence" is more than a scintilla, less than a preponderance, and is

11  such "'relevant evidence as a reasonable mind might accept as adequate to support a

12  conclusion.'" *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) (*quoting Davis v.

13  Heckler*, 868 F.2d 323, 325-26 (9th Cir. 1989)); *see also Richardson v. Perales*, 402 U.S.

14  389, 401 (1971). Regarding the question of whether or not substantial evidence supports

15  the findings by the ALJ, the Court should "'review the administrative record as a whole,

16  weighing both the evidence that supports and that which detracts from the ALJ's

17  conclusion.'" *Sandgathe v. Chater*, 108 F.3d 978, 980 (1996) (per curiam) (*quoting

18  Andrews, supra*, 53 F.3d at 1039). In addition, the Court must determine independently

19  whether or not "'the Commissioner's decision is (1) free of legal error and (2) is

20  supported by substantial evidence.'" *See Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir.

21  2006) (*citing Moore v. Comm'r of the Soc. Sec. Admin.,* 278 F.3d 920, 924 (9th Cir.

22  2002)); *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).

1    According to the Ninth Circuit, "[l]ong-standing principles of administrative law

2    require us to review the ALJ's decision based on the reasoning and actual findings

3    offered by the ALJ - - not *post hoc* rationalizations that attempt to intuit what the

4    adjudicator may have been thinking." *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1226-27

5    (9th Cir. 2009) (*citing SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947) (other citation

6    omitted)); *see also Molina v. Astrue*, 674 F.3d 1104, 1121,  2012 U.S. App. LEXIS 6570

7    at *42 (9th Cir. 2012); *Stout v. Commissioner of Soc. Sec.*, 454 F.3d 1050, 1054 (9th Cir.

8    2006) ("we cannot affirm the decision of an agency on a ground that the agency did not

9    invoke in making its decision") (citations omitted). For example, "the ALJ, not the

10   district court, is required to provide specific reasons for rejecting lay testimony." *Stout,*

11   *supra*, 454 F.3d at 1054 (*citing Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993)). In

12   the context of social security appeals, legal errors committed by the ALJ may be

13   considered harmless where the error is irrelevant to the ultimate disability conclusion

14   when considering the record as a whole. *Molina, supra*, 674 F.3d 1104, 2012 U.S. App.

15   LEXIS 6570 at *24-*26, *32-*36, *45-*46; *see also* 28 U.S.C. § 2111; *Shinsheki v.*

16   *Sanders*, 556 U.S. 396, 407 (2009); *Stout, supra*, 454 F.3d at 1054-55.

<u>DISCUSSION</u>

**(1)    Whether or not the ALJ afforded proper weight to the medical**

**opinions.**

Here, the ALJ failed to credit fully opinions from examining doctor, Dr. Marc

Suffis, M.D., on the basis that the ALJ found that Dr. Suffis' opinion was inconsistent

with Dr. Suffis' own findings on examination (*see* Tr. 24). The main opinion subject to

1 dispute is Dr. Suffis' opinion that plaintiff was limited to standing and walking for up to

2 two hours in an eight-hour work day. Defendant contends that the opinion was rejected

3 properly.

4    The ALJ must provide "clear and convincing" reasons for rejecting the

5 uncontradicted opinion of either a treating or examining physician or psychologist.

6 *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (*citing Baxter v. Sullivan*, 923 F.2d

7 1391, 1396 (9th Cir. 1991); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)). Even if

8 a treating or examining physician's opinion is contradicted, that opinion can be rejected

9 only "for specific and legitimate reasons that are supported by substantial evidence in the

10 record." *Lester, supra*, 81 F.3d at 830-31 (*citing Andrews v. Shalala*, 53 F.3d 1035, 1043

11 (9th Cir. 1995)). The ALJ can accomplish this by "setting out a detailed and thorough

12 summary of the facts and conflicting clinical evidence, stating his interpretation thereof,

13

14 and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (*citing*

15 *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)). However, the ALJ must

16 explain why his own interpretations, rather than those of the doctors, are correct. *Reddick,*

17 *supra*, 157 F.3d at 725 (*citing Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)).

18    Here, Dr. Suffis examined plaintiff on October 21, 2010 (see Tr. 404-15). He

19 evaluated many medical records of plaintiff, such as degenerative changes noted on MRI

20 results; doctors' notes; and physical therapy notes (*see* Tr. 404-05). He took a detailed

21 history (*see id.*). Dr. Suffis also noted that plaintiff walked a couple of miles a day for

22

23 exercise (*see* Tr. 405).

24

1   Dr. Suffis appears to have conducted a thorough examination of plaintiff (*see* Tr.

2   407-08). He noted that plaintiff's gross motor strength was normal, and that his heel and

3   toe walk was normal (*see* Tr. 408). However, Dr. Suffis recorded abnormal range of

4   motion data for the C-spine (*see id.*). He opined that plaintiff was capable of light work

5   (*see* Tr. 409).  Dr. Suffis also opined that plaintiff had specific functional limitations

6   regarding his ability to function in an eight-hour workday (*see* Tr. 411). He specifically

7   concluded that plaintiff could stand and walk for up to two hours total (each) in an eight-

8   hour workday (*see id.*).

9

10   In rejecting Dr. Suffis' opinion that plaintiff was limited to standing and walking

11   for up to two hours in an eight-hour work day (*see* Tr. 24), the ALJ noted that plaintiff's

12   motor strength was normal; however, normal motor strength is not necessarily

13   inconsistent with an ability to stand and/or walk for only up to two hours in a work

14   environment including an eight-hour work day. The ALJ also noted that Dr. Suffis

15   observed on examination that plaintiff demonstrated a normal tandem walk and heel/toe

16   walk, however, similarly, the ability to walk normally for a moment in a doctor's office

17   with respect to tandem and heel/toe walk does not demonstrate that plaintiff can stand

18   and/or walk for more than two hours in an eight-hour work day. For the reasons stated,

19   the Court concludes that the ALJ's finding that Dr. Suffis' own findings were

20   inconsistent with his medical opinion that plaintiff was limited to standing and/or walking

21   for up to two hours in an eight-hour work day is not supported by substantial evidence in

22   the record as a whole. *See Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989)

23   ("Substantial evidence" is more than a scintilla, less than a preponderance, and is such

24

1    "'relevant evidence as a reasonable mind might accept as adequate to support a

2    conclusion.'") (*quoting Davis v. Heckler*, 868 F.2d 323, 325-26 (9th Cir. 1989)); *see also*

3    *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

4          The ALJ also supported her failure to credit fully this opinion from Dr. Suffis on

5    the basis that plaintiff told Dr. Suffis that he walked a couple of miles a day for exercise.

6    Unless plaintiff took longer than two hours to walk a couple of miles, this reason also

7    does not demonstrate that plaintiff could stand and/or walk more than two hours a day in

8    the context of an eight-hour workday. This fact is not sufficient to justify rejecting the

9    doctor's opinion, especially as Dr. Suffis was aware of plaintiff's walking activities.

10

11         The Court notes that Dr. Suffis was aware of plaintiff's normal strength; tandem

12   and heel/toe walk results; and plaintiff's walking activities, and nevertheless provided his

13   medical opinion regarding plaintiff's walking and standing limitations. An ALJ must

14   explain why her own interpretations, rather than those of the doctor, are correct. *See*

15   *Reddick, supra*, 157 F.3d at 725 (*citing Embrey*, *supra*, 849 F.2d at 421-22).

16         The Court also notes that the ALJ relied in part on the opinion from examining

17   physician, Dr. Lynn L. Stacker, M.D. regarding plaintiff's capacity for light work (*see* Tr.

18   23).  Although Dr. Stacker opined that plaintiff was capable of light work, she also

19   assessed functional limitations on plaintiff's ability to perform basic work-related

20   activities, with the listed activities including standing and walking (*see* Tr. 278, 393). Dr.

21   Stacker opined that this limitation was moderate, that is, a significant interference with

22   the ability to perform one or more of the basic work-related activities specified (*see id.*).

23

24

1   The Court concludes that the ALJ failed to explain why her interpretation of the

2   record was more correct than the medical doctor who examined and evaluated plaintiff

3   and that the ALJ failed to provide legitimate and specific reasons supported by

4   substantial evidence in the record as a whole for her failure to credit fully opinions from

5   Dr. Suffis. *See Lester, supra*, 81 F.3d at 830-31 (*citing Andrews*, *supra*, 53 F.3d at 1043).

6   The Court also concludes that this error is not harmless.

7   The Ninth Circuit has "recognized that harmless error principles apply in the

8   Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). The

9   Court noted multiple instances of the application of these principles. *Id*. (collecting

10   cases). The court noted that "several of our cases have held that an ALJ's error was

11   harmless where the ALJ provided one or more invalid reasons for disbelieving a

12   claimant's testimony, but also provided valid reasons that were supported by the record."

13   *Id.* (citations omitted). The Ninth Circuit noted that "in each case we look at the record as

14   a whole to determine [if] the error alters the outcome of the case." *Id.* The court also

15   noted that the Ninth Circuit has "adhered to the general principle that an ALJ's error is

16   harmless where it is 'inconsequential to the ultimate nondisability determination.'" *Id.*

17   (*quoting Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008))

18   (other citations omitted). The court noted the necessity to follow the rule that courts

19   should review cases "'without regard to errors' that do not affect the parties' 'substantial

20   rights.'" *Id.* (*quoting Shinsheki v. Sanders*, 556 U.S. 396, 407 (2009) (*quoting* 28 U.S.C.

21   § 2111) (codification of the harmless error rule)).

22

23

24

1      Here, the ALJ found that plaintiff had the residual functional capacity to perform

2  light work, but did not include limitations on his ability to stand and walk in an eight-

3  hour workday (*see* Tr. 21). The ALJ likewise did not include the relevant standing and

4  walking limitations in her hypothetical to the vocational expert (*see* Tr. 73). However, the

5  ALJ relied on the vocational expert's testimony based on this incomplete hypothetical

6  when making her step five determination that plaintiff was capable of performing other

7  work existing in significant numbers in the national economy (*see* Tr. 25-26). This step

8  five finding was the basis for the ultimate determination regarding nondisability in this

9  matter; therefore, the ALJ's error was not harmless.

10     The Court also notes that the ALJ failed to explain why the limitations opined by

11

12 Drs. Staker and Mercado were not accommodated into plaintiff's residual functional

13 capacity. This is legal error, which should be corrected following remand of this matter.

14     **(2)     Plaintiff's credibility and testimony should be assessed anew following**

15         **remand of this matter**.

16     A determination regarding a plaintiff's credibility depends in part on the medical

17

18 evidence. *See* 20 C.F.R. § 404.1529(c). As the Court has concluded that the ALJ failed to

evaluate properly the medical evidence, *see supra*, section 1, plaintiff's credibility must

19

be evaluated anew following remand of this matter.

20

21     **(3)     The lay evidence should be evaluated anew following remand of this**

22         **matter**.

23     Although claiming harmless error, defendant admits that the ALJ committed legal

24 error by failing to mention the lay evidence and by failing to provide germane reasons for

1    her failure to credit it fully (*see* Response, ECF No. 16, p. 10). *See also Stout v.*

2    *Commissioner*, *Social Security Administration*, 454 F.3d 1050, 1053 (9th Cir. 2006)

3    (*citing Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993)).  The lay evidence provided

4    by Ms. Zetti should be evaluated explicitly by the ALJ following remand of this matter.

5         **(4)      Whether this matter should be reversed and remanded for further**

6              **administrative proceedings or for an award of benefits.**

7         Generally, when the Social Security Administration does not determine a

8    claimant's application properly, "'the proper course, except in rare circumstances, is

9    to remand to the agency for additional investigation or explanation.'" *Benecke v.*

10   *Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth

11   Circuit has put forth a "test for determining when [improperly rejected] evidence

12   should be credited and an immediate award of benefits directed." *Harman v. Apfel*,

13   211 F.3d 1172, 1178 (9th Cir. 2000). It is appropriate when:

14         (1) the ALJ has failed to provide legally sufficient reasons for
15         rejecting such evidence, (2) there are no outstanding issues that
16         must be resolved before a determination of disability can be
17         made, and (3) it is clear from the record that the ALJ would be
18         required to find the claimant disabled were such evidence
           credited.

19   *Harman, supra,* 211 F.3d at 1178 (*quoting Smolen v. Chater*, 80 F.3d 1273, 1292 (9th

20   Cir.1996)).

21        Here, outstanding issues must be resolved. *See Smolen, supra*, 80 F.3d at 1292.

22   Although the ALJ erred when reviewing the medical evidence, the Court notes that all of

23   the doctors whose opinions were rejected improperly opined that plaintiff was capable of

24

1  light work. Furthermore, the decision whether to remand a case for further administrative

2  proceedings or simply to award benefits is within the discretion of the court. *See Swenson*

3  *v. Sullivan*, 876 F.2d 683, 689 (9th Cir. 1989) (*citing Varney v. Secretary of HHS*, 859

4  F.2d 1396, 1399 (9th Cir. 1988)).  For these reasons, and based on the Court's review of

5  the relevant record, the Court concludes that a direction to award benefits is not

6  appropriate at this time.

7       The ALJ is responsible for determining credibility and resolving ambiguities and

8  conflicts in the medical evidence.  *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998);

9  *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995).   If the medical evidence in the

10 record is not conclusive, sole responsibility for resolving conflicting testimony and

11 questions of credibility lies with the ALJ.  *Sample v. Schweiker*, 694 F.2d 639, 642 (9th

12 Cir. 1999) (*quoting Waters v. Gardner*, 452 F.2d 855, 858 n.7 (9th Cir. 1971) (*citing*

13 *Calhoun v. Bailar*, 626 F.2d 145, 150 (9th Cir. 1980))).

14      Therefore, remand is appropriate in order to allow the Commissioner the

15 opportunity to consider properly all of the lay and medical evidence as a whole and to

16 incorporate the properly considered lay and medical evidence into the consideration of

17 plaintiff's credibility and residual functional capacity. *See Sample, supra*, 694 F.2d at

18 642.

19                        CONCLUSION

20      Based on the stated reasons and the relevant record, the Court **ORDERS** that this

21 matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. §

22 405(g) to the Commissioner for further consideration.

1   **JUDGMENT** should be for plaintiff and the case should be closed.

2   Dated this 13th day of June, 2013.

3

4

5   _____
    J. Richard Creatura

6   United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER ON PLAINTIFF'S COMPLAINT - 13